IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-44-BO

| | |
|---|---|
| DELLA M. DICKERSON,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on May 30, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act.

Plaintiff protectively applied for SSI on July 27, 2007, alleging disability since November 1, 2006. Her claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is

limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since her application date at step one, the ALJ determined at that plaintiff had the following severe impairments: diabetes mellitus, osteoarthritis with impingement - bilateral shoulders, and a history of borderline intellectual functioning. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform a limited range of medium work. Plaintiff had no past relevant work, and the ALJ found that, considering

2

plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers that plaintiff could perform. Accordingly, the ALJ found that plaintiff had not been under a disability since her date of application.

Plaintiff contends that the ALJ erred in failing to adequately consider a Medicaid opinion issued by the North Carolina Department of Health and Human Services. The ALJ did consider the Medicaid opinion awarding benefits to plaintiff, but gave it no weight because no rationale was provided and no determination was made regarding plaintiff's RFC other than a summary finding. Tr. 31-32. While it may be error to discount a Medicaid opinion solely on the basis that no explanation for the opinion was provided, because the ALJ in this instance complied with SSR 06-03p and explicitly considered the Medicaid opinion, the Court finds any error to be harmless. *See also DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983). The ALJ's determination is otherwise supported by substantial evidence and the correct legal standard was employed, and thus her decision is affirmed.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 25] is DENIED, defendant's motion for judgment on the pleadings [DE 29] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this __31__ day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3